UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>        Plaintiff,<br><br>        v.<br><br>MONTE G. HOFFMAN,<br><br>        Defendant. | Case No. 4:13-cr-012-BLW<br><br>MEMORANDUM DECISION AND ORDER |

## INTRODUCTION

The Court has before it a motion for appointment of counsel and for reduction in sentence filed by the defendant. The motion is fully briefed and at issue. For the reasons explained below, the motion will be denied.

## FACTUAL BACKGROUND

The defendant was convicted by a jury in 2015 on charges of possession with intent to distribute and destruction of government property. He was sentenced to 120 months imprisonment.

During his first 16 months in pretrial custody Defendant had multiple disciplinary actions including fighting with other inmates and threatening a guard. *See Pretrial Report (Dkt. No. 168)* at p. 4. He was granted pretrial release due to poor health in 2014. While on pretrial release, he continued to use methamphetamine, failed to appear for drug tests, and failed to attend outpatient substance abuse counseling. Despite his alleged poor health, he tampered with his GPS tracker, failed to appear in Court, fled the District, and

**Memorandum Decision & Order – page 1**

was finally arrested in Texas.  *Id.*  He was reincarcerated in the Bannock County Jail where he got into a fight with another inmate that continued despite the intervention of correctional officers who had to spray the defendant with mace or pepper spray.  *Id.*

Defendant has a long criminal history dating back to 1982.  It includes multiple incidents of drug possession and violence.  He is 56 years old.  About 32 years ago he underwent heart valve replacement surgery and had a heart attack in 2014 due to a blood clot in that heart valve.  He alleges that he also suffers from Hepatitis B and C, Anemia, Hyperlipidemia, major depressive disorder gastro-esophageal reflux disease, liver damage, and lung and kidney disease, all of which make him more vulnerable to becoming seriously ill should he contract COVID-19.

However, two medical professionals treating the defendant state that he does not meet the medical criteria for a reduction in sentence.  *See Exhibit B (Dkt. No. 207-2).* They state that he is fully able to care for himself and "does not have a debilitating medical condition [and is not] suffering from any chronic or serious medical condition related to the aging process."  *Id.*

The defendant now seeks a compassionate release based on his poor health combined with the threat of COVID-19.

## LEGAL STANDARDS

In order to modify a sentence and grant compassionate release, a district court must engage in a three-step process. First, it must consider the 18 U.S.C. § 3553(a) factors. Second, the court must find that "extraordinary and compelling reasons warrant such a reduction." See 18 U.S.C. § 3582(c)(1)(A). The Sentencing Commission has

**Memorandum Decision & Order – page 2**

determined that "extraordinary and compelling reasons" to release a defendant from BOP custody include (1) medical conditions which diminish the ability of the defendant to provide self-care in prison, (2) age-related deterioration, (3) family circumstances, and (4) other extraordinary and compelling reasons that exist either separately or in combination with the previously described categories.2 USSG § 1B1.13. Third, the Court must find that "the defendant is not a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g)." 18 U.S.C. § 3582(c)(1)(A).

## ANALYSIS

The defendant's did have a heart valve replacement over 30 years ago, but it has not stopped him from engaging in violence.  While he alleges that he suffers from other health ailments, those ailments are not serious according to two medical professionals who have treated him.  The last time he was released due to poor health he fled to Texas.

For these reasons, the Court cannot find that the defendant, if released, will not be a "danger to the safety of any other person or to the community."  His motion is therefore denied.  The Court will also deny that portion of his motion seeking appointment of counsel.

## ORDER

In accordance with the Memorandum Decision above,

NOW THEREFORE IT IS HEREBY ORDERED, that the motion for appointment of counsel and for reduction in sentence (docket no. 204) is DENIED.

DATED: October 1, 2020

_____
B. Lynn Winmill
U.S. District Court Judge